■ In the Matter of the Claim of JOHN MANZIONE, Respondent, v. PERLA BROTHERS STATIONS et al., Respondents, and SPECIAL DISABILITY FUND, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the Special Disability Fund from an award of the Workmen's Compensation Board which charged the Special Fund with liability after 104 weeks. On March 6, 1955, claimant sustained severe burns about face, arms and hands as the result of a gasoline explosion while he was employed as a gas station attendant. It is without dispute that prior thereto and prior to his employment claimant suffered from an involvement of the left leg as the result of infantile paralysis when he was about six months of age. The record discloses that he had a noticeable limp, favored his left leg, and one medical report states that his left leg was shorter than the right. It is beyond question that this pre-existing disability was permanent. The employer knew of the disability and

testified that claimant told him the condition was due to an illness in childhood. From this the board could logically infer that the employer not only knew of the existing condition but knew that is was permanent and not a limp due to some temporary cause. (*Matter of Dubrow* v. *40 West 33rd St. Realty Corp.*, 4 A D 2d 896.) Appellant urges that the pre-existing disability did not handicap claimant in performing his duties as a gas station attendant. The fact that he could do his work is not controlling. The test is whether the condition is or is likely to be a handicap to employment generally. (*Matter of Nagorka* v. *Goldstein*, 4 A D 2d 904.) The evidence that claimant had this permanent limp and favored his left leg, plus the evidence as to the disability in his hands and arms as the result of the accident, furnishes adequate basis for a finding that the disability was substantially greater after the accident because of the pre-existing condition in claimant's leg. Award unanimously affirmed, with costs to respondents.